GREMILLION, Judge,
concurs and assigns written reasons.
|,The alleged malpractice in this matter occurred on September 7, 2008. Dexcomm was sued on December 28, 2009. Thus, on the face of the petition, the suit against Dexcomm is prescribed, and it must be so adjudged unless the plaintiff carries his burden to prove otherwise. He attempts to do so by pointing this court to La.R.S. 40:1299.47(A)(2)(a) which provides, in pertinent part, as follows:
“The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to healthcare providers, both qualified and not qualified....”
It is beyond dispute that the plaintiff timely requested a medical review panel against a number of qualified healthcare providers. It is also beyond question that the running of prescription against all “joint tortfeasors” (as that term is intended in the Medical Malpractice Act) was suspended at the time the defendants brought suit against Dexcomm. Therefore, the issue here is whether Dexcomm is (or even could be) a “joint tortfeasor” along with the doctors and hospital against whom proceedings were initially initiated. Because I concluded that it is not and could not be, I concur with Judge Decuir’s majority opinion. However, because I find the majority opinion is too restrictive of potential joint tortfeasors, I write in concurrence.
| gDexcomm styles the issue as follows: whether a timely-filed medical review panel complaint suspends prescription pursuant to La.R.S. 40:1299.47(A)(2)(a) against a non-healthcare provider joint tortfeasor. My reading of that law suggests to me that prescription could, in fact, be suspended against a joint tortfeasor, even if that joint tortfeasor was a “non-healthcare provider.” Again, the act expressly says that while the suspension of the running of prescription applies to “healthcare providers” it is “not limited” to healthcare providers. Accordingly, I find the majority opinion’s strict adherence to the definition of “healthcare provider” found in the Medical Malpractice Act to be misplaced.
I must frankly admit that I do not understand exactly which “non-healthcare providers” were contemplated by the legislature when they passed this provision. However, I find that in order to fall within the terms, conditions, and limitations found in the Medical Malpractice Act, the claims against an alleged “joint tortfeasor” must sound in medical malpractice and not in ordinary negligence. Dexcomm is accused of not properly and timely relaying a telephone message. That may well be negligent, but it is clearly not medical malpractice.
I am unpersuaded by the plaintiffs arguments regarding contra non valentem, and I ascribe to the reasons provided by Judge Decuir in that regard.
I concur in the result reached by the majority.